Raymond L. Wilkes, J.
On August 16, 1966 the defendant herein was served with a summons for an alleged violation of *11 subdivision 3 of section 385 of the Vehicle and Traffic Law of the State of New York. It appears that he had been operating a flat-bed 1964 International truck (not a tractor-trailer nor a true tow truck) with one disabled vehicle on top thereof, and another such vehicle with its two front wheels raised off the ground attached to the rear by means of a tow bar, comprising a total length of 48 feet 6 inches. The defendant was en route to a so-called automobile “ graveyard ”, from a wrecking area in the vicinity of Amityville, Nassau County, New York.
Subdivision 3 of section 385 of the Vehicle and Traffic Law provides that “ The length of a single vehicle, inclusive of load and bumpers * * * shall not be more than thirty-five feet.”
The defendant assumes the posture that said statute applies solely to “ single ” vehicles, and that since the vehicle being operated by the defendant was really a “ combination ” of vehicles he was therefore subject only to the provisions of subdivision 4 of section 385 which provides that, “ The total length of a combination of vehicles, except fire vehicles, inclusive of load and bumpers, shall not be more than fifty-five feet ’ ’.
The People on the other hand contend, that the vehicle being “towed” by the defendant, was, in substance, merely an appendage of the flat-bed truck operated by the defendant, and, hence, squarely within the proscription of subdivision 3 of the statute, with the additional thrust that he was not conducting the operation of a true “ tow truck ” towing a disabled vehicle, and that, in any event, subdivision 4 relates primarily, if not exclusively, to tractors and trailers, neither of which were manifestly being operated by the defendant at the time he received his summons.
Query: Was the defendant operating a “ single vehicle ”, or a “ combination ” thereof?
In view of what I might euphemistically call a somewhat surpi’ising dearth of decisional depth in this realm of the law this will be treated as a matter of virtual first impression.
In 1931 (Atty. Gen. 240) the Attorney-General of the State of New York held:
“It is a matter of common knowledge that transportation by motor truck has assumed a position of major importance in the commercial world. The old type motor truck gave way to the elongated vehicle, resembling in many respects a freight car, that is attached to a tractor or truck which furnished the motive power. However large it was it did not meet the growing demands of the shippers so the next step was to couple a number of these vehicles together in freight train formation.
*12 “ Statistics are not necessary for one to appreciate that this latest transportation device was and is inimical to the safety of the traveling public on the highways. These bulky vehicles, moving with remarkable speed and rapidly becoming more numerous, created a new danger. It was difficult enough to contend with the old motor van or truck but when increased in size and placed in train formation they are more difficult to pass. They obscure the vision of other motorists and in short fairly monopolize the traveled ways. * * *
‘ ‘ By subdivision 3 it fixed a limit of 33 feet for the length of single vehicles, inclusive of load.
‘ ‘ The next subdivision limited the length of a combination of vehicles, inclusive of load, to eighty-five feet * * * the reason for this legislation was to provide against a growing hazard on the highways. The Legislature, in unmistakable language, has limited the length of a single vehicle * * * and if the legislative intent of promoting the general safety on the highway is to prevail, this length must be applicable to all vehicles whether moved under their own motive power or connected with a powered vehicle in any combination.”
In addition, one of the multiple definitions of “ combination ” as delineated in Webster’s Third New International Dictionary (Unabridged) is “a haulage tractor and one or more trailers that it draws ”. The vehicle being operated by the defendant is most truly not apposite. A priori, I am constrained to agree with the contention of the People, to the effect that the defendant was not operating a tow truck or tractor and trailer or a “ combination ” of vehicles within the purview of subdivision 4 of section 385 of the statute and that in consequence he was in violation of subdivision 3 of section 385 thereof.
Accordingly, this court finds the defendant guilty as charged in the information herein. The defendant is hereby directed to present his operator’s license to the Clerk of the Central Traffic Court at County Seat Drive, Mineola, New York, within 10 days after service of a copy of this decision upon his attorney, for the payment of his fine, which, in consonance with subdivision 16 of section 385 of the Vehicle and Traffic Law, shall be $100 in the event that this is his first offense or $250 provided that this is found to be his second offense.